| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, PC<br>Sentry Office Plz<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>215-627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Planet Home Lending, LLC | Order Filed on November 30, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Mayra L. Allaico<br>Debtor | Case No.: 23-17243 RG<br><br>Hearing Date: 12/20/2023 @ 8:30am<br><br>Judge: Rosemary Gambardella |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO THE CONFIRMATION FO DEBTOR'S CHAPTER 13 PLAN AND PROVIDING FOR STAY RELIEF

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: November 30, 2023**

*Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge

| | |
|---|---|
| Debtor: | Mayra L. Allaico |
| Case No.: | 23-17243 RG |
| Caption: | **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN AND PROVIDING FOR STAY RELIEF** |

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Planet Home Lending, LLC, the holder of a first mortgage on property known as 129 Paine Avenue, Irvington, NJ, 07111, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for the Secured Creditor and Robert C. Nienson, Attorney for Debtor, and for good cause having been shown;

It is **ORDERED, ADJUDGED and DECREED** that the automatic stay is vacated effective May 1, 2024 to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

- ■ Real Property More Fully Described as:

    **Land and premises commonly known as 129 Paine Avenue, Irvington, NJ, 07111**

    It is further **ORDERED** that the Secured Creditor may join the Debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code; and

It is further **ORDERED** that stay relief is granted as to the subject property regardless of the provisions in the Debtor's chapter 13 plan stating otherwise; and

It is further **ORDERED** that Secured Creditor, its successors or assignees, may proceed with its rights and remedies under the terms of the subject Mortgage and pursue its State Court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the Property at Sheriff's Sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the Property;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Debtor is to make payments in accordance with the terms of the note and mortgage while the stay is in effect; and

Debtor:         Mayra L. Allaico
Case No.:       23-17243 RG
Caption:        **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN AND PROVIDING FOR STAY RELIEF**

It is **further ORDERED, ADJUDGED and DECREED** that for the Duration of Debtors' Chapter 13 bankruptcy proceeding, if any of the cure payments or regular monthly mortgage payments are not made within thirty (30) days of the date said payment is due, Secured Creditor may obtain an Order Vacating Automatic Stay as to Real Property by submitting a Certification of Default to the Court indicating such payment is more than thirty days late, and Debtors shall have fourteen days to respond; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to the confirmation of Debtor's Chapter 13 plan is hereby resolved.